## MARY H. VASCONCELLOS v. MANUEL VASCONCELLOS, CLIFFORD OH, INTERVENOR.

## NO. 2871.

ARGUED JANUARY 21, 1953.          DECIDED JANUARY 21, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In a divorce action of Mary H. Vasconcellos against Manuel Vasconcellos, a consent order for alimony pendente lite was made within a short time after the filing of the libel.

On May 11, 1951, Manuel Vasconcellos, being in arrears under terms of the consent order for alimony pendente lite, was cited to appear and show cause why he should not be adjudged guilty of contempt of court and why his property should not be sequestered. At the suggestion of both parties the presiding judge appointed a commissioner to offer for sale at public auction, subject to the approval of the court, certain real property owned by Manuel Vasconcellos. No upset price was fixed in the order.

The property was put up for public auction at which Clifford Oh, the "intervenor," submitted the highest bid, to wit $9,001. At the hearing for confirmation it appeared

from the testimony that the offer was at least 25% below the fair market value for the property, and according to the testimony of the commissioner a better price could be obtained through private sale. The court thereupon refused to confirm the sale and ordered the commissioner to attempt to dispose of the property by private sale, which was done by the commissioner, the property being sold for $11,250.

The purchaser at the public auction appeals as "intervenor" to this court from the judge's refusal to confirm the sale at auction.

There was testimony to the effect a sale at public auction is usually about 25% below the market value of such property compared to private sale. The "intervenor" makes no claim of fraud but he contends that the court should have confirmed this sale at $9,001, it being only about 25% below the market value of the property which, according to the testimony, was $12,000.

The trial judge, in refusing to confirm the sale at public auction for $9,001, commented that the sale of the property was for the protection of the wife, for her support and maintenance, and the court wanted to be sure that "at a sale of this property as much as possible may be obtained."

Confirmation of a judicial sale at auction rests in the sound discretion of the trial court and his decree should not be disturbed on appeal except in cases of abuse of discretion. "The discretion to be exercised is not arbitrary, but should be one which is sound and equitable in all of the circumstances." (31 Am. Jur., Judicial Sales, § 116.)

We cannot say as a matter of law that when there has been no upset price a refusal of a trial judge to approve a judicial sale of land at public auction for 25% less than its market value is an abuse of discretion. In fact, it not only appears to be an exercise of sound discretion not questionable, but approval of a sale at a figure so sub-

stantially below the market value would itself be questionable.

Affirmed.

*S. Kashiwa* (*G. Kashiwa* with him on the briefs) for intervenor-appellant.

*O. P. Soares* (also on the brief) for appellee *Manuel Vasconcellos.*